# ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 28 2009

Stephan Harris, Clerk
Cheyenne

Daniel F. Heilig (Wyo. Bar #5-2872)
Western Resource Advocates
262 Lincoln Street
Lander, WY  82520
Telephone:  307/332-3614
Facsimile:  307/332-6899

Kate M. Fox (Wyo. Bar #5-2646)
Davis & Cannon, LLP
422 West 26th Street
P.O. Box 43
Cheyenne, WY  82003
Telephone:  307/634-3210
Facsimile:  307/778-7118

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Western Resource Advocates, | ) | 09CV 177 · D |
| | ) | |
| Plaintiff, | ) | Civil Action _____ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| United States Department of the Interior, | ) | |
| Bureau of Land Management; and | ) | |
| United States Department of the Interior | ) | |
| Office of the Solicitor, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. PRELIMINARY STATEMENT

1.      This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, *et seq.* as amended, in order to compel the Department of Interior, Bureau of Land

Management ("BLM" or "Agency" or "Defendant") to disclose records wrongfully withheld

after a FOIA request and subsequent appeal from Plaintiff.

2.      FOIA requires that federal agencies respond promptly to public requests for

information in order to increase public understanding of the workings of government and access

to government institutions.

3.      On January 21, 2009, President Barack Obama issued a Memorandum for the

Heads of Executive Departments and Agencies declaring the following policy: "The Freedom of

Information Act should be administered with a clear presumption: In the face of doubt, openness

prevails. The Government should not keep information confidential merely because public

officials might be embarrassed by disclosure, because errors and failures might be revealed, or

because of speculative or abstract fears... All agencies should adopt a presumption in favor of

disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher

in a new era of open Government. The presumption of disclosure should be applied to all

decisions involving FOIA."

4.      This action is necessary because BLM violated the FOIA together with its own

FOIA regulations at 43 C.F.R. Part 2 by failing to provide the records requested by Plaintiff

within twenty (20) work days and by failing to make a determination with respect to Plaintiff's

FOIA Appeal within twenty (20) work days.  5 U.S.C. §552(a)(6)(A)(i) and §552(a)(6)(A)(ii).

2

5.      This lawsuit seeks an Order pursuant to FOIA and the Administrative Procedure Act that: 1) finds that the BLM has violated FOIA; 2) finds that BLM's conduct is arbitrary and capricious and amounts to an unlawful denial of Plaintiff's FOIA request; 3) orders BLM to grant Plaintiff's request for a waiver of fees and to produce all unlawfully withheld records by a date certain; 4) enjoins BLM from withholding the requested agency records; and 5) awards Plaintiff its fees and costs of this action.  5 U.S.C. 552(a)(4)(B).

## II. JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA); 28 U.S.C. § 1331 (federal question), and 5 U.S.C. §§ 701-706 (APA).

7.      This Court has the authority under 5 U.S.C. § 552(a)(4)(B) to enjoin the Defendants from withholding agency records and to order the production of any agency records improperly withheld from Plaintiff.

8.      This Court has the authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

9.      This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

10.     Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B) Plaintiff resides in Wyoming and the records requested by Plaintiff are situated in Wyoming. Venue is also proper under 28 U.S.C. § 1391(e), because a substantial part of the events and omissions which gave rise to this action occurred in this district.

### III. PARTIES

11.     Plaintiff Western Resource Advocates (WRA) is a non-profit environmental law and policy organization, registered in Wyoming, dedicated to restoring and protecting the land, air, water and wildlife resources within the interior Western United States.  The organization works to: 1) promote a clean energy future for the Interior West that reduces pollution and the threat of global warming; 2) restore degraded river systems and to encourage urban water providers to use existing water supplies more efficiently; 3) protect public lands and wildlife throughout the region.  Among other things, WRA's Wyoming office is actively engaged in promoting policies and agency actions that will restore and protect air quality throughout the region, including ensuring that air quality mitigation measures included in agency authorizations such as the Jonah Infill Drilling Project Record of Decision are properly implemented and enforced.

12.     Plaintiff has the experience and expertise to review the requested materials. Plaintiff uses FOIA to obtain information about federal agencies and makes information concerning BLM's public land management activities available to its members and members of the public through electronic and printed publications, public meetings, press releases, phone calls, administrative appeals, and litigation, among other means.  Plaintiff will make the information obtained from this request available to its members and the general public and does not seek this information for commercial use. The requested information has never been made available to public.

4

13.     Defendant Bureau of Land Management ("BLM") is an agency of the United States as defined by 5 U.S.C. § 552(f)(1) and is charged with the duty to provide public access to documents in its possession consistent with the requirements of the FOIA. BLM is denying Plaintiff access to its records in contravention of federal law so is sued as a defendant in this action.

14.     Defendant Department of the Interior Office of the Solicitor ("Solicitor") performs the legal work for the Department of the Interior and resolves FOIA appeals. Defendant Solicitor is denying Plaintiff access to BLM records by failing to act upon the FOIA appeal within the statutory time limits.

15.     Plaintiff uses FOIA as an important tool for keeping current with BLM activities on federal public lands.  Plaintiff is harmed when it is denied documents to which it is legally entitled.  Plaintiff intends to continue to use of FOIA to access agency records in the possession of Defendants.  One of the purposes of FOIA is to promote the active oversight role of public advocacy groups. Plaintiff uses FOIA to publicize activities of federal agencies and to mobilize the public to participate in the management of public land.  Plaintiff intends to continue using FOIA requests to fulfill its oversight and advocacy role through scrutinizing agency records, a practice Congress intended to promote through the adoption of FOIA. Plaintiff brings this action on behalf of the organization and on behalf of its adversely affected members.

16.     Declaratory and injunctive relief is necessary to protect Plaintiff's continued oversight and advocacy through the well-established practice of scrutinizing agency records.

17.     Defendants' violation of FOIA has denied Plaintiff access to information contained in agency records to which Plaintiff is entitled under FOIA. Without this information, Plaintiff cannot provide itself or its membership, or the general public, with information regarding the Defendants' activities regarding compliance with the Clean Air Act, National Environmental Policy Act, and the Federal Land Policy and Management Act, which governs all of BLM's activities with respect to public lands and resources, nor can it effectively advocate for lawful management and protection of the public lands through administrative and legal processes, key goals of Plaintiff. Thus, Plaintiff is injured in fact by Defendants' violations of FOIA. Plaintiff's injuries can be redressed by this suit and granting of the remedies requested herein.

## IV. STATEMENT OF FACTS AND LAW

18.     On March 2, 2009, Plaintiff filed a FOIA Request and Request for a Waiver of Fees ("FOIA Request") with the BLM's Wyoming State Office. (Exhibit 1)

19.     Plaintiff's March 2, 2009 FOIA Request complied with all applicable statutory and regulatory requirements including, but not limited to, the BLM's FOIA procedures at 43 C.F.R. Part 2 and all appendices associated therewith.

20.     Plaintiff's March 2, 2009 FOIA Request was submitted on behalf of Plaintiff by Daniel F. Heilig, Lander, Wyoming, attorney for Western Resource Advocates.

21.     The March 2, 2009 FOIA Request sought information from BLM regarding the agency's implementation of numerous air quality mitigation measures contained in the Jonah Infill Drilling Project Record of Decision, dated March 14, 2006.

6

22.     On information and belief, the requested documents --to the extent they exist, are obtained and/or created and held at BLM offices in Wyoming.

23.     On March 3, 2009, the Wyoming BLM FOIA Officer, Mark Archer, acknowledged in writing that the BLM received the Plaintiff's March 2, 2009 FOIA Request on March 3, 2009. (Exhibit 2)

24.     The BLM's March 3, 2009, acknowledgement (a small 3" x 5" postcard) stated that the Plaintiff's FOIA request ("Log Number WY-2009-023") "is being evaluated as expeditiously as possible and we estimate that you may expect a letter from the responsible Field Office in the next several days."

25.     On April 8, 2009, the Plaintiff received an email message from the Wyoming BLM FOIA Officer captioned "Status on your FOIA requests" which stated, in part, that "Pinedale [BLM Field Office] is gathering records as quickly as they can." (Exhibit 3)

26.     The mandatory release deadline for Plaintiff's March 2, 2009 FOIA Request was on or about March 31, 2009, twenty (20) work days after the agency's receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

27.     As of March 31, 2009, Defendant BLM had not provided Plaintiff a proper determination with respect to its March 2, 2009 FOIA request, in violation of 5 U.S.C. § 552(a)(6)(A)(i).

28.     Approximately one week after the mandatory response deadline, Plaintiff filed a FOIA appeal pursuant to 43 C.F.R. § Subpart D to the Department of Interior's FOIA Appeals Officer challenging the BLM's failure to provide a proper and lawful response to Plaintiff's

FOIA request within 20 work days, the mandatory time limit prescribed by FOIA. 5 U.S.C. § 552(a)(6)(A).  (Exhibit 4)

29.     By a letter dated May 13, 2009, Defendant Solicitor informed Plaintiff that its April 8, 2009 FOIA appeal ("Appeal Number 2009-078") was received by the DOI on April 16, 2009.  The May 13, 2009 letter further informed Plaintiff that, "[t]he FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)ii).* The Department will make every effort to reach a decision on your appeal within this time limit."  (Exhibit 5)

30.     The statutory deadline for BLM's determination with respect to Plaintiff's April 8, 2009 FOIA appeal was May 14, 2009.  5 U.S.C. § 552(a)(6)(A)(ii).

31.     To date, the BLM has failed to make a lawful determination on Plaintiff's March 2, 2009 FOIA request (WY-2009-023) within twenty (20) work days, in violation of 5 U.S.C. § 552(a)(6)(A)(i) and 43 C.F.R. § 2.12.

32.     To date, Solicitor has failed to make a lawful determination on Plaintiff's April 8, 2009 FOIA appeal (Appeal Number 2009-078) within twenty (20) work days, in violation of 5 U.S.C. § 552(a)(6)(A)(ii) and 43 C.F.R. § 2.32.

33.     Agencies may not toll the 20-day period except to request information from the requester or to clarify with the requester issues regarding fee assessments. 5 U.S.C. § 552(a)(6)(A)(ii)(I), (II).

34.     Because BLM has not requested information from the requester nor sought to clarify issues regarding assessment of fees, the 20-day period has not been tolled.

8

35.     Agencies may notify requesters of a ten (10) day extension of the time for responding to FOIA requests and to FOIA appeals based on unusual circumstances, and agencies may seek to limit the request. 5 U.S.C. §552(a)(6)(B). No release determination, request for extension, request to limit the request, or assertion of unusual circumstances has been made by Defendants.

36.     At no time have Defendants identified substantive or procedural deficiencies or ambiguities in connection with Plaintiff's March 2, 2009 FOIA Request.

37.     At no time have Defendants identified substantive or procedural deficiencies or ambiguities in connection with Plaintiff's April 8, 2009 FOIA Appeal.

38.     At no time have Defendants determined that the information requested by Plaintiff is exempt from release.

39.     BLM's responses (3/3/09 postcard and 4/8/09 email) to Plaintiff's March 2, 2009 FOIA Request failed to provide Plaintiff with a legally sufficient determination on Plaintiff's request within twenty (20) days, and therefore BLM has violated FOIA.

40.     Department of the Interior Office of the Solicitor's response to Plaintiff's April 8, 2009 FOIA Appeal, which consists of a single letter from Office of the Solicitor, dated May 13, 2009, informing Plaintiff that "[t]he Department will make every effort to reach a decision on your appeal within this time limit[]" failed to provide Plaintiff with a lawful and proper determination on Plaintiff's appeal within twenty (20) days, and therefore Defendants have violated FOIA.

9

41.     Defendants have failed to comply with FOIA and the BLM's FOIA regulations at

43 C.F.R Part 2 by failing to make a detailed determination within twenty (20) days of receipt of

Plaintiff's March 2, 2009 FOIA Request, failed to narrow Plaintiff's request, and/or failing to

identify unusual circumstances that might require an extension of time not to exceed ten (10)

additional days. 5 U.S.C. §552(a)(6); 43 C.F.R §§ 2.12 and 2.13.

42.     Defendants continue to illegally withhold documents requested by Plaintiff on

March 2, 2009.  5 U.S.C. §552(a)(6).

43.     Defendant Solicitor has failed to comply with FOIA and the BLM's FOIA

regulations at 43 C.F.R Part 2 by failing to make a determination within twenty (20) working

days of receipt of Plaintiff's April 8, 2009 FOIA appeal. 5 U.S.C. §552(a)(6)(A)(ii); 43 CFR

§2.32(a).

44.     Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. §

552(a)(6)(C) with respect to this matter and now turns to this Court to enforce the remedies and

public access to agency records guaranteed by FOIA.

### V.  CAUSES OF ACTION
### Count I: Violation of the Freedom of Information Act

45.      Plaintiff repeats and incorporates by reference the allegations above.

46.     Defendants' failure to release, disclose or otherwise provide the information

requested by Plaintiff is a violation FOIA, 5 U.S.C. § 552, and the agency's own regulations

promulgated thereunder.  43 CFR Part 2.

47.     Defendant BLM has violated FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and BLM FOIA regulations at 43 C.F.R. Subpart C by failing to make a proper and lawful determination in response to Plaintiff's March 2, 2009 FOIA request. 43 C.F.R § 2.12

48.     Defendant Solicitor has violated FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), and BLM's FOIA regulations at 43 C.F.R Subpart D by failing to make a timely and lawful determination in response to Plaintiff's April 8, 2009 FOIA appeal. 43 C.F.R. § 2.32.

49.     Defendants continue to violate FOIA 5 U.S.C. §552(a) by failing to timely and fully produce agency records responsive to Plaintiff's March 2, 2009 request, and by failing to make a proper and lawful determination in response to Plaintiff's April 8, 2009 FOIA appeal.

50.     Defendants continue to violate FOIA by illegally withholding agency records which are not subject to any FOIA withholding provision. 5 U.S.C. § 552(b).

### Count II: Violation of the Administrative Procedure Act

51.     Plaintiff repeats the allegations above.

52.     Defendants' failure to release documents responsive to Plaintiff's request and failure to make the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) and (ii) constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. Defendants' failure in the matter is arbitrary, capricious, an abuse of discretion, not in accordance with the law and without observance of procedure required by law, all in violation of the APA.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment providing the following relief:

A. Enter judicial findings that Defendant BLM violated FOIA by failing to lawfully respond to Plaintiff's March 2, 2009 FOIA request in accordance with applicable statutory and regulatory requirements;

B. Enter judicial findings that Defendant Solicitor violated FOIA by failing to lawfully respond to Plaintiff's April 8, 2009 FOIA appeal in accordance with statutory requirements and BLM's FOIA regulations;

C. Enter judicial findings that Defendants acted arbitrarily and/or capriciously with respect to Plaintiff's March 2, 2009 FOIA Request and April 8, 2009 FOIA Appeal;

D. Declare that Defendant BLM continues to violate FOIA by illegally withholding from Plaintiff documents that are not subject to a lawful FOIA Exemption set forth at 5 U.S.C. § 552(b);

E. Declare that Defendant Solicitor continues to violate FOIA by failing to lawfully respond to Plaintiff's FOIA request dated March 2, 2009 and its FOIA appeal dated April 8, 2009;

F. Issue a permanent injunction directing Defendants to disclose to Plaintiff all records responsive to its March 2, 2009 FOIA Request;

G. Maintain jurisdiction over this action until Defendants are in compliance with FOIA, APA and every order of this Court;

12

H. Issue a declaration that Plaintiff is entitled to a complete waiver of processing fees
   associated with its FOIA request submitted to Defendant BLM on March 2, 2009;

I. Award the Plaintiff its costs of litigation, including reasonable attorney fees as provided
   by FOIA, 5 U.S.C. § 552(a)(4)(E); and

J. Grant such additional and further relief to which Plaintiff may be entitled.

Dated this ____ day of July, 2009.

                              _____
                              Kate M. Fox (Wyo. Bar #5-2646)
                              Davis & Cannon, LLP
                              422 West 26th Street
                              P.O. Box 43
                              Cheyenne, WY 82003
                              Ph. (307) 634-3210
                              FAX: (307) 778-7118
                              email: kate@davisandcannonchey.com

                              Daniel F. Heilig (Wyo. Bar #5-2872)
                              Western Resource Advocates
                              262 Lincoln Street
                              Lander, WY 82520
                              Ph. (307) 332-3614
                              FAX (307) 332-6899
                              email: dan@westernresources.org

                              Attorneys for Plaintiff

13



# WESTERN RESOURCE
## ADVOCATES

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

MARCH 2, 2009

Wyoming State Office
Bureau of Land Management
Attn: Mark P. Archer
State FOIA/PA Officer
5353 Yellowstone Rd.
Cheyenne, WY 82009

Re: Freedom of Information Act Request

Dear Mr. Archer:

This is a request under the Freedom of Information Act (FOIA), 5 U.S.C. §552, as amended, for copies of all agency records[1] demonstrating compliance and/or noncompliance with mitigation requirements set forth in the Jonah Infill Drilling Project Record of Decision, dated March 14, 2006, addressing air quality. The specific provisions of the Jonah ROD this FOIA request seeks information about include: Appendix A-- Air Quality, pages A-3, A-4; Appendix B--Air Quality, pages B-2, B-3; and Air Quality--Additional Air Quality Measures, pages B-15 to B-17. This request is being submitted by and on behalf of Western Resource Advocates, Citizens United for Responsible Energy Development, Greater Yellowstone Coalition, The Wilderness Society, Upper Green River Valley Coalition and Wyoming Outdoor Council.

The request seeks records produced or received in response to specific monitoring and mitigation requirements contained in the Jonah Infill Drilling Project Record of Decision ("Jonah ROD") as noted above. Such records include, but are not limited to, the following:

1) Records demonstrating that Tier II or equivalent diesel engine emission technologies are currently in use in the Jonah Field, as required by the Jonah ROD at A-3, paragraph 1.

2) Records demonstrating that BLM is tracking wells, number of drill rigs, drilling emissions, and compressor stations, as required by the Jonah ROD at A-3, paragraph 2.a.

3) Records demonstrating that DEQ/AQD is tracking permitted emissions, as required by the Jonah ROD at A-3, paragraph 2.b.

[1] As defined in 43 CFR 2.3(c).
COLORADO · 2260 Baseline Road, Suite 200 · Boulder, CO 80302 · 303-444-1188 · Fax: 303-786-8054 · E-MAIL: info@westernresources.org
NEVADA · 709 Basque Way, Suite 300 · Carson City, NV 89706 · 775-841-2400 · Fax 866-223-8365 · E-MAIL info@westernresources.org
UTAH · 425 East 100 South · Salt Lake City, UT 84111 · 801-487-9911 · E-MAIL utah@westernresources.org

www.westernresourceadvocates.org ⊕

**EXHIBIT 1**

4) Records containing or summarizing information provided by operators on drill rigs, "including drilling days, horsepower, load factors, and emission factors within 10 days of the completion of drilling operations for each well[]" as required by the Jonah ROD at A-3, paragraph 2.c.

5) Records containing the annual demonstrations required by the Jonah ROD at A-3, 3.a.

6) Plans developed by operators and submitted to BLM "that describe[] in detail how the potential impacts will be minimized[]" required by the Jonah ROD at A-3, 3.a.

7) Annual operating plans required by the Jonah ROD at A-4, 3.c.

8) Emissions data, results from air dispersion modeling, air quality assessments, and all other records produced and/or received in reference to requirements specified in the Jonah ROD at A-4, 3.d.

9) Records produced and/or received in response to requirements in the Jonah ROD at A-4, 3.e. discussing or related to the development of "[t]he method by which the Operators will demonstrate potential visibility impact..."

10) Records, including meeting minutes and notes, of interagency consultations required by the Jonah ROD at A-4, 4.

11) Records, including but not limited to, the "industry/state/federal monitoring agreement," and any reports, summaries or notes related thereto.

To aid our review of BLM and operator compliance with the air quality mitigation measures contained in the Jonah ROD, we request that BLM's response address fully each of the specific requests set forth in the above-numbered paragraphs in the order in which they appear herein.

In addition to the above-referenced records, we request all other records that demonstrate compliance or noncompliance, or that relate in any way to the "ADDITIONAL AIR QUALITY MEASURES" described in the Jonah ROD at B-15 to B-17, including but not limited to:

1) Equipment and road maintenance and emission checks (Jonah ROD at B-15, ¶1.);

2) Application of water and dust suppressants (Jonah ROD at B-16, ¶2., ¶15.);

3) Records evidencing compliance with drilling rig emission and well completion requirements set forth in the Jonah ROD at B-16, ¶¶9, 10, 11 and 12, which are included below for your convenience:

9. By January 1, 2006, EnCana commits to achieve average drilling rig emissions equivalent to Tier 1 standards or better from 100% of EnCana operated or contracted drilling rigs in the Jonah Field.

10. By January 1, 2007, EnCana commits to achieve average drilling rig emissions equivalent to Tier 2 standards or better from 100% of EnCana operated or contracted drilling rigs in the Jonah Field.

11. By January 1, 2009, EnCana commits to achieve average drilling rig emissions equivalent to Tier 3 standards or better from 100% of EnCana operated or contracted drilling rigs in the Jonah Field.

12. By January 1, 2006, EnCana commits to capture on average through flareless completion techniques, 90% of the hydrocarbon and combustion emissions that would have previously been emitted by flaring during flowback procedures on EnCana operated natural gas wells.

4) Hub and spoke drilling and completion techniques, centralized fracturing operations, and centralized condensate and water collection; and

5) Reductions of $NO_x$, $SO_2$, and $PM_{10}$ emissions achieved by vertically drilling wells in the Jonah Field.

To aid our review of BLM and operator compliance with the "ADDITIONAL AIR QUALITY MEASURES" described in the Jonah ROD at B-15 to B-17, we request that BLM's response address fully each of the specific requests set forth in the above-numbered paragraphs in the order in which they appear herein.

Finally, we request copies of all records related to any action taken by BLM since 3/14/06 (signing of Jonah ROD) under authorities granted in 43 CFR Subpart 3163 including, but not limited to, issuance of notices of noncompliance, assessments, civil and/or criminal penalties regarding operations in the Jonah Field.

## Fee Category

This request is made on behalf of Western Resource Advocates, Citizens United for Responsible Energy Development (CURED), the Upper Green River Valley Association, Wyoming Outdoor Council, and The Wilderness Society. The requesters are non-profit, public interest conservation organizations with no commercial interest in the requested records. Detailed information about five of the six organizations making this FOIA request can be found on their respective websites:

- westernresourceadvocates.org
- greateryellowstone.org
- wyomingoutdoorcouncil.org
- wilderness.org

• uppergreen.org

## Request for Waiver of Fees

We request that you waive all fees in connection with this FOIA request. Pursuant to 5 U.S.C. §552(a)(4), records shall be furnished free of charge when: 1) disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and 2) its release is not primarily in the commercial interest of the requester.

### I. Disclosure of the information is in the public interest

The records sought by requesters concern the operations and activities of the government, specifically the Bureau of Land Management's compliance with federal laws such as the National Environmental Policy Act, 42 U.S.C. §4321 *et seq.*, and the Federal Land Policy and Management Act, 43 U.S.C. §1701 *et seq.* The requested records relate directly to the implementation and enforcement of the Record of Decision for the Jonah Field, signed by the State Director 3/14/06, which authorizes approximately 3,100 additional oil and gas wells on the public lands administered by the BLM in Sublette County, Wyoming.

The records sought by requesters relate to compliance with and enforcement of air quality mitigation requirements set out in the Jonah ROD. The provisions were including in the ROD to address growing concerns about air quality impacts in Sublette County and in the nearby Bridger Wilderness, a sensitive Class 1 airshed, from increasing oil and gas development activities. Environmental impact statements prepared for the Jonah Infill Drilling Project projected potentially significant impacts to visibility and air quality related values and increased emissions of atmospheric pollutants such as $NO_x$, $SO_2$, dust, and ozone. Mitigation measures were developed to reduce the project's impacts and were included in the Jonah ROD.

Since the issuance of the Jonah ROD, and despite the inclusion of air quality mitigation measures, air quality in Sublette County has substantially worsened. The area has experienced several exceedences of the federal ambient air quality standard for ozone and appears to be headed for a non-attainment designation. See http://deq.state.wy.us/. Air quality in Sublette County has become a pressing concern for local residents, regulatory agencies and many others. See, e.g., http://www.sublette.com/examiner/v8n5/v8n5s1.htm

Disclosure of the records requested herein will help illuminate BLM's efforts to address the air quality concerns facing Sublette County. Given the significant public health risks associated with elevated ozone levels that have been recorded in Sublette County, the public at large has a keen interest in learning about action federal and state regulatory agencies may be taking, or planning to take, to address these concerns. Among other things, the records requested herein will reveal

whether BLM is taking appropriate steps to enforce the mitigation requirements contained in the Jonah ROD. If the records show that the mitigation measures contained in the Jonah ROD are being enforced, it may reveal a need to strengthen those measures or to consider additional air quality mitigation options. If the records demonstrate a failure by BLM to enforce the ROD requirements, it may justify efforts to persuade BLM leadership to renew the agency's commitment to environmental stewardship and protection of public health and safety. In either case, the requested information will contribute significantly to public understanding of the role and responsibility of BLM to address air quality concerns, and its record of performance in doing so.

Requesters will use the requested information to contribute to the public's understanding of oil and gas decisions and their impacts on air quality and public health in the area administered by the Pinedale Field Office by analyzing the information and presenting it to the public. Requesters have access to professional staff members, contractors, and volunteers who are familiar with agency practices and who have legal, technical and scientific backgrounds providing expertise in air quality impacts and human health issues. Requesters have the expertise and capability to assess, analyze, and summarize the requested records and then use that information to inform the public about the BLM's efforts to reduce air quality and human health impacts on federal lands. Requesters have the ability to disseminate this information to the public both orally and in written form through reports, news articles, and presentations.

Requesters utilize professional communications staff, volunteers and others to engage the media to disseminate information to the public, with news articles appearing in papers across the nation, as well as national, regional and local radio and television features discussing the activities and issues of the requester organizations. Collectively, requesters have several hundred media contacts throughout the nation to ensure media attention for their work. In addition to the media, requesters participate in and help host conferences at the local, regional, and national levels, where they disseminate information about their work and reveal results of their studies and projects to policy makers, politicians, agency personnel, scientists, lawyers, conservationists, and other interested public who attend these conferences. Requesters participate in educational outreach such as presentations to high school students, issue written reports on federal lands management to disseminate at conferences or other meetings across the West, and distribute quarterly newsletters discussing current work. Finally, requesters also disseminate information through their respective websites and email notices reaching an audience the measures in the millions. These websites contain press articles, updates on current work, information about government activities and management decisions, as well as research reports and scientific articles. Many of the reports and articles that requesters distribute at conferences, on their websites, and in its newsletters are based on information obtained through FOIA requests.

Release of the information may compel members of the organizations making this request along with members of the general public to engage in public advocacy

efforts to ensure that the BLM fulfills it responsibilities under the Federal Land Policy and Management Act to: "...protect the quality of ... air and atmospheric... resources[]" 43 U.S.C. §1701(a)(8); "provide for compliance with applicable pollution control laws, including State and Federal air, water, noise, or other pollution standards or implementation plans[.]" 43 U.S.C. §1712(c); and, "take any action necessary to prevent unnecessary or undue degradation of the lands[]." 43 U.S.C. §1732(b).

On information and belief, the records requested herein have not been made available to the public. The records are not available in public libraries, BLM reading rooms or public web sites, nor are requesters aware of any effort by BLM to independently report on its efforts to implement and enforce the air quality mitigation measures contained in the Jonah ROD.

The information requested in this FOIA request will be used to contribute to one or more of the following: reviewing and reporting to the general public Wyoming BLM's "track record" enforcing required mitigation in oil and gas decisions; compiling a record to be used for public interest litigation; providing a basis for petitioning for federal. state or local agency action; advocating administrative rule and policy changes; contributing to local and national newsletters, public presentations, blog posts, e-mail and postal mail publications; and informing local and national news stories contributed to or written by the undersigned organizations and/or their members.

The disclosure of the requested documents will significantly contribute to public understanding of government activities because these documents are not readily available to the public without such a request. These are not the type of documents the agency routinely publicizes or otherwise broadly disseminates to the public on a normal basis. Thus, a FOIA request is required to obtain the documents. In addition, requesters will use their skills and expertise to analyze these documents, which are often complex and difficult to understand without special training or experience, to assess BLM's efforts to ensure compliance with mitigation provisions contained in the Jonah ROD, and more generally, its compliance with laws, standards and other requirements, and the effects of noncompliance on air quality and other resources. It is the product of this analysis that will significantly contribute to the public's understanding of whether BLM is properly managing its lands and resources.

II. Disclosure of the information is not in the commercial interest of the requesters.

The requesters have no commercial interest in the records sought from BLM. The requesters are non-profit public interest organizations whose activities are focused on the protection of public lands, human health and the environment. The interest of the requesters *vis a vis* this request is to ascertain the status of enforcement of mitigation measures promised in the Jonah ROD to protect the public health, safety and welfare of citizens and quality of the environment, and to report those efforts to the public. As explained by the Ninth Circuit in *McClellan Ecological*

*Seepage Situation v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987), "information is commercial if it relates to commerce, trade, or profit." As not-for-profit organizations, the requesters are not involved in commercial enterprises, trade or profit; thus we do not seek this information for commercial use.

## Statement of willingness to pay fees

The requesters have previously requested, and received, waivers of fees associated with the processing of FOIA requests. We fully expect that such a waiver will be granted in connection with this request. However, should a waiver not be granted, requesters are willing to pay fees for this request up to a maximum of one hundred dollars ($100.00). This Statement shall not be construed as a waiver of requesters' rights to appeal a denial of the fee waiver requested herein. If you estimate that the fees will exceed this limit, please inform me prior to processing this request.

## Requested Format

Where possible, please provide the requested records in electronic format, such as CD-ROM or DVD.

We look forward to your reply within the twenty (20) working days provided by FOIA. 5 U.S.C. §552(a)(6)(E)(iii). If you have any questions or need further information or explanation concerning the information request and/or request for fee waiver, please feel free to contact me at the address and telephone number provided below.

Thank you for your time and attention to this matter.

Sincerely,

*Dan Heilg*

Dan Heilig, Attorney
Western Resource Advocates
262 Lincoln Street
Lander, WY 82520
(307) 332-3614

for and on behalf of:

Mary Lynn Worl
CURED
P.O. Box 28
Pinedale, WY 82941

Lloyd Dorsey
Greater Yellowstone Coalition
P.O. Box 4857
Jackson WY 83001

Stephanie Kessler
The Wilderness Society
304 Main St., Suite 1
Lander WY 82520

Linda Baker
Upper Green River Valley Coalition
P.O. Box 994
Pinedale WY 82941

Bruce Pendery
Wyoming Outdoor Council
444 E. 800 N.
Logan UT 84321-3434

cc:     Mr. Chuck Otto, Manager
        Pinedale Field Office

Log Number WY-2009-023
Date of Request: 03/02/2009
Date Received: 03/03/2009

Dear Mr. Heilig:

This will acknowledge receipt of your Freedom of Information Act request for certain agency records concerning the Jonah Infill Drilling Project ROD dated 3/14/2006. Your request is being evaluated as expeditiously as possible and we estimate that you may expect a letter from the responsible Field Office in the next several days. Requests are processed on a first-in, first-out basis. The actual processing time will depend on the complexity of your request. If you have questions, please call us at (307) 775-6180.

3/3/2009
FOIA Officer. Mark P. A.

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

PITNEY BOWES

02 1M          $ 00.27⁰
0004212095     MAR 03  2009
MAILED FROM ZIP CODE 82009

Bureau of Land Management
P.O. Box 1828
Cheyenne, WY 82003

To:

Dan Heilig
Western Resource Advocates
262 Lincoln Street
Lander, WY 82520

**EXHIBIT 2**

From: Mark_Archer@blm.gov
Subject: **Status on your FOIA requests**
   Date: April 8, 2009 11:27:04 AM MDT
     To: dan@westernresources.org

Here is a brief status report on each of your FOIA requests. If you have
any questions I may answer, please do not hesitate to contact me!

WY-2009-023 - Pinedale is gathering records as quickly as they can.
WY-2009-024 - The state office center is currently looking for related
documentation
WY-2009-025 - Pinedale will gather records as they can when they are not
working on WY-2009-023
WY-2009-030 - This request will be answered from the Washington office
collectively for all of the states.

Mark P. Archer
BLM Wyoming
State FOIA/PA Officer
(307) 775-6180
(307) 775-6058 fax

**EXHIBIT 3**



# WESTERN RESOURCE
## ADVOCATES

CERTIFIED MAIL--RETURN RECEIPT REQUESTED

April 8, 2009

FOIA Appeals Officer
U.S. Department of the Interior
MS-5312-MIB
1849 C Street, N.W.
Washington, DC 20240

Re: FREEDOM OF INFORMATION APPEAL

Dear FOIA Appeals Officer:

In accordance with the Department of Interior's Freedom of Information Act regulations at 43 CFR Subpart D, this is to inform you that Western Resource Advocates (WRA) appeals the Wyoming BLM State Office's failure to provide a legally sufficient response to the following FOIA requests submitted by WRA to the Wyoming State BLM Office:

1) WY-2009-023 Jonah Infill Drilling Project ROD, received 03/03/2009;
2) WY-2009-024 Oil & Gas Leasing Briefing Paper, received 03/04/2009;
3) WY-2009-025 Pinedale Anticline Wildlife Contractors, received 03/05/2009; and,
4) WY-2009-030 Sage-Grouse Oil & Gas Lease Stipulations, received 03/06/2009.

See Exhibits A, B, C and D, attached hereto.

The WY BLM failed to provide a response to the above-referenced FOIA requests within the 20-workday statutory time limit provided by FOIA and DOI regulations at 43 CFR §2.12. BLM's failure to respond within this period may be considered a denial of records and is appealable under 43 CFR §2.28(a)(3).[1]

The Wyoming BLM provided a "status report" concerning the above-referenced FOIA requests via email on April 8, 2009 (Exhibit E), several days after the deadline, indicating that it was "gathering" and "looking" for responsive records in connection with FOIA requests WY-2009-023, 024, and 025, and further indicating that request WY-2009-030 "will be answered from the Washington Office..."

---

[1] Even if WY BLM's response to the above-referenced FOIA requests had been timely, it fails to constitute an appropriate response because the WY BLM failed to "notify [the requester] of how, when, and where the records will be made available." 43 CFR §2.21(b)(1).

COLORADO · 2260 Baseline Road  Suite 200 · Boulder  CO 80302 · 303-444-1188 · Fax: 303-786-8054 · E-mail: info@westernresources.org
NEVADA · 1 9 Basque Way, Suite 300 · Carson City, NV 89706 · 775-841-2400 · Fax: 866-223-8365 · E-mail: info@westernresources.org
UTAH · 425 East 100 South · Salt Lake City, UT 84111 · 801-487-9911 · E-mail: utah@westernresources.org

www.westernresourceadvocates.org ⊕

**EXHIBIT 4**

The April 8, 2009, email asserts that WY BLM requires additional time to gather and collect the requested documents pertaining to WY-2009-023, 024, and 025, yet it fails to acknowledge the 10-workday time limit for such extensions and also fails to specify "the date it expects to make a determination on [WRA's] request" contrary to 43 CFR §2.13. Such open-ended, non-specific assurances that WY BLM is working to gather documents does not satisfy FOIA's fundamental mandates regarding timely disclosure.

Concerning WY-2009-030, WY BLM defers completely to the Washington Office for a response without indicating an extension of time is being taken and without indicating "how, when, and where the records will be made available" as required by 43 CFR §2.21(b)(1). As noted previously, appellant WRA views WY BLM's late and ambiguous response a denial of records.

Appellant Western Resource Advocates requests a decision from the DOI FOIA Officer that reflects the spirit and intent of FOIA, as recently reaffirmed by the President in his Memorandum for the Heads of Executive Departments and Agencies, January 21, 2009.

We appreciate your prompt attention to this matter. Please do not hesitate to contact me should you have questions or require additional information concerning this appeal.

Sincerely,

Dan Heilig, Attorney
Western Resource Advocates
262 Lincoln St.
Lander, WY 82520
Ph: (307) 332-3614
Fax: 307-332-6899
email: dan@westernresources.org

Enclosures



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington. D.C. 20240



TAKE PRIDE
IN**AMERICA**

IN REPLY REFER TO:
**FOIA Appeal No. 2009-078**

MAY 1 3 2009

Dan Heilig
Western Resource Advocates
262 Lincoln St.
Lander, WY 82520

Dear Mr. Heilig:

This concerns your April 8, 2009, Freedom of Information Act ("FOIA") appeal ("appeal") to the Department of the Interior ("Department"), which was received on April 16, 2009, and filed on behalf of Western Resource Advocates. Your appeal concerns the March 2, 2009, FOIA request that you sent to the Bureau of Land Management ("BLM") seeking documents pertaining to "mitigation requirements set forth in the Jonah Infill Drilling Project Record of Decision, dated March 14, 2006..." The Department has assigned your appeal as **Appeal Number 2009-078**. Please cite this number in any future correspondence you send to the Department regarding this appeal.

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)(ii)*. The Department will make every effort to reach a decision on your appeal within this time limit.

If you have any questions regarding your appeal, you may contact LaRima Lane at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

**EXHIBIT 5**